# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JANISHA NELSON and DARRYL NELSON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No.: <br>) |
| CITY OF MILWAUKEE, a Municipal Corporation, OFFICER DEREK JOHN KITTS, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## COMPLAINT AT LAW

Plaintiffs, JANISHA NELSON and DARRYL NELSON, by and through their attorneys, ROMANUCCI & BLANDIN, LLC, in support of its complaint at law against defendants, CITY OF MILWAUKEE, a municipal corporation and OFFICER DEREK JOHN KITTS, state as follows:

### I. JURY DEMAND

1. The Plaintiff hereby demands a trial by jury.

### II. NATURE OF ACTION

2. This cause of action arises out of injuries sustained by Janisha Nelson and Darryl Nelson as a result of a March 31, 2019 motor vehicle collision with Milwaukee Police Officer Derek John Kitts ("Officer Kitts"). On March 31, 201, at approximately 2:30 am, Janisha and Darryl Nelson were the victims of a preventable car crash that occurred at the intersection of Sherman Boulevard and Good Hope Road in Milwaukee, when Officer Kitts carelessly, recklessly, and/or negligently drove through a red light at an excessive rate of speed colliding with the

1

Nelson's car. This lawsuit seeks money damages against Officer Kitts and the City of Milwaukee for the personal injuries sustained by Janisha Nelson and Darryl Nelson.

### III. JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1332, as this case involves a dispute between Plaintiffs, United States citizens residing in Arizona and Illinois, and Defendants residing Wisconsin, and the amount in controversy exceeds the jurisdictional minimum of this Court.

4. The Court has personal jurisdiction over Defendants because they reside in the District and the cause of action arose in the District.

5. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391 (b)(2) and (3) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District and Defendants are subject to the Court's personal jurisdiction with respect to this action

### IV. PARTIES

6. On March 31, 2019, Plaintiffs, Janisha Nelson and Darryl Nelson resided in Rantoul, Illinois.

7. Presently, Plaintiff, Janisha Nelson resides in the State of Arizona, and Plaintiff, Darryl Nelson resides in the State of Illinois.

8. Defendant City of Milwaukee City of Milwaukee is a Municipal Corporation, acting by and through its duly authorized officers, agents, representatives and/or employees including defendant Officer Derek John Kitts.

9. On March 31, 2019, Defendant Officer Derek John Kitts was a resident of Milwaukee, WI, and an employee of the City of Milwaukee's Police Department.

## V. FACTS COMMON TO ALL CLAIMS

10. On or around March 31, 2019, Sherman Boulevard was a roadway running generally in a north/south direction, in the City of Milwaukee, County of Milwaukee, State of Wisconsin.

11. On or around March 31, 2019, Good Hope Road was a roadway running generally in an east/west direction, in the City of Milwaukee, County of Milwaukee, State of Wisconsin.

12. On or around March 31, 2019, and at all times relevant, the City of Milwaukee, by and through one or more of its police officers, had commenced a chase with an unidentified vehicle that travelled through the intersection of Sherman Boulevard and Good Hope Road, turning left from eastbound Good Hope Road onto northbound Sherman Boulevard.

13. On or around March 31, 2019, approximately five (5) minutes after the police chase passed through the intersection of Sherman Boulevard and Good Hope Road, Officer Derek John Kitts (hereinafter referred to as "Officer Kitts") drove through eastbound Good Hope Road through the intersection with Sherman Boulevard.

14. On or around March 31, 2019, and at all times relevant, Officer Kitts was operating a police squad car in a law enforcement capacity.

15. On or around March 31, 2019, at the same time and location, Darryl Nelson was operating a vehicle traveling northbound on Sherman Boulevard at the intersection with Good Hope Road. Janisha Nelson, Darryl's wife, was a front seat passenger in the vehicle (hereinafter referred to as "Plaintiffs' Vehicle").

16. At this time and location, Plaintiffs Vehicle was lawfully stopped at a red-light

17. On or around March 31, 2019, and at all times relevant, the traffic light controlling motor vehicles on eastbound Good Hope Road turned from a "Yellow" light to a "Red" light

seconds after Officer Kitts drove through the intersection.

18. Officer Kitts proceeded to approach a median cut through east of Sherman Boulevard on Good Hope Road and made a U-turn to go back onto westbound Good Hope Road.

19. After exiting the median cut through on Good Hope Road, Officer Kitts activated his emergency lights to catch up to the police pursuit which had gone through the intersection Good Hope Road and Sherman Boulevard approximately five (5) minutes earlier.

20. No police sirens were heard from Officer Kitts police squad car after completing a U-turn on Good Hope Road just east of the intersection with Sherman Boulevard.

21. At the same time and location, the traffic control signal directing northbound/southbound traffic on Sherman Boulevard turned green.

22. Plaintiffs' Vehicle entered the intersection of Sherman Boulevard and Good Hope Road after the traffic control turned green.

23. Officer Kitts vehicle also entered the intersection of West Good Hope Road and Sherman Boulevard on a red traffic light.

24. Showing a lack of due regard for Plaintiffs' Vehicle, Officer Kitts proceeded to drive through the intersection at a high rate of speed and forcefully crashed into the Plaintiffs' Vehicle causing Darryl and Janisha severe and permanent injuries.

### COUNT I: NEGLIGENCE
**(Janisha Nelson v. City of Milwaukee and Officer Derek John Kitts, individually and as an agent of the City of Milwaukee)**

25. Plaintiff, Janisha Nelson, incorporates and realleges paragraphs 1 through 24, as though fully plead herein.

26. On said date and all times relevant hereto, defendant City of Milwaukee, a Municipal Corporation, acting by and through its duly authorized officers, agents, representatives

4

and/or employees, including Officer Kitts, owed drivers and passengers on Wisconsin roadways a duty to exercise reasonable care in the operation of his vehicle to prevent injuries to others.

28. Notwithstanding this duty, defendant City of Milwaukee, a Municipal Corporation, acting by and through its duly authorized officers, agents, representatives and/or employees, including Officer Kitts, was then and there guilty of one or more of the following acts and/or omissions in that Officer Kitts:

a. Negligently, carelessly and improperly drove his automobile at a speed which was unreasonable and improper with regard to conditions and the use of the roadway;

b. Negligently, carelessly, and improperly failed to decrease his speed to avoid a collision with another vehicle;

c. Negligently, carelessly, and improperly entered an intersection against a red light;

d. Negligently, carelessly, and improperly failed to decrease his speed when approaching an intersection with a solid red light;

e. Negligently, carelessly, and improperly failed to terminate the vehicle pursuit in compliance with the balancing test which did not authorize a pursuit;

f. Negligently, carelessly, and improperly failed to properly utilize his siren disregarding the safety of the general public; and/or

g. Was otherwise negligent or careless in this operation of his automobile.

28. As a direct and proximate cause of one or more of the aforementioned negligent acts or omissions, Plaintiff, Janisha Nelson, sustained serious and severe injuries of a permanent nature; were caused to suffer and will continue to suffer lasting disability and disfigurement; were caused to spend and will continue to spend substantial amounts of money for medical care and treatment; and were otherwise affected in her ability to perform the routine activities of daily living; and sustained lost wages.

WHEREFORE, the Plaintiff, Janisha Nelson, demands judgment be entered against

Defendant, City of Milwaukee, a Municipal Corporation, and Officer Kitts, individually and as an agent of the City of Milwaukee, for an amount in excess of $75,000.00, plus costs with interest in bringing this action, and for such other relief this Court deems fair and just.

### COUNT II: WILLFUL AND WANTON CONDUCT
**(Janisha Nelson v. City of Milwaukee, Officer Derek John Kitts, individually and as an agent of the City of Milwaukee)**

29. Plaintiff, Janisha Nelson, incorporates and realleges paragraphs 1 through 24, as though fully plead herein.

30. On said date and all times relevant hereto, defendant City of Milwaukee, a Municipal Corporation, acting by and through its duly authorized officers, agents, representatives and/or employees, including Officer Kitts, had a duty to refrain from willful and wanton conduct in the operation and the authorization and/or guidance of the operation of its official vehicle in the exercise of its official duties as police officers.

31. Notwithstanding the aforesaid duty, the defendant City of Milwaukee, individually or by and through its agents and/or employees, including Officer Kitts, were willful and wanton through a course of action which showed an utter indifference to or conscious disregard for the safety of others in one or more of the following respects:

   a. Initiated, engaged in, and/or authorized a pursuit of a vehicle when the risk of injury or death to the general public exceeded the benefit of apprehending the suspects;

   b. Initiated, engaged in and/or authorized a pursuit of a vehicle along commercial and residential streets by chasing the stolen vehicle through stop lights;

   c. Authorized an improper pursuit when it was not safe to do so in light of the balancing test and the risks posed;

   d. Failed to terminate the vehicle pursuit in compliance with the balancing test which did not authorize a pursuit;

   e. Operated its vehicle in a manner that showed an utter indifference or conscious

disregard for the safety of others on the roadway;

  f. Failed to properly utilize his siren in conscious disregard for the safety of the general public; and/or

  g. Failed to abandon the alleged vehicle pursuit when it was the most reasonable course of action.

32. As a direct and proximate result of the aforesaid willful and wanton acts and/or omissions, Plaintiff, Janisha Nelson, sustained serious and severe injuries of a permanent nature; was caused to suffer and will continue to suffer lasting disability and disfigurement; was caused to spend and will continue to spend substantial amounts of money for medical care and treatment; and was otherwise affected in her ability to perform the routine activities of daily living; and sustained lost wages.

WHEREFORE, the Plaintiff, Janisha Nelson, demands judgment be entered against Defendant, City of Milwaukee, a Municipal Corporation, and Officer Kitts, individually and as an agent of the City of Milwaukee, for an amount in excess of $75,000.00, plus costs with interest in bringing this action, and for such other relief this Court deems fair and just.

## COUNT III: NEGLIGENCE
**(Darryl Nelson v. City of Milwaukee, Officer Derek John Kitts, individually and as an agent of the City of Milwaukee)**

33. Plaintiff, Darryl Nelson, incorporates and realleges paragraphs 1 through 24, as though fully plead herein.

34. That on said date and all times relevant hereto, defendant City of Milwaukee, a Municipal Corporation, acting by and through its duly authorized officers, agents, representatives and/or employees, including Officer Kitts, owed drivers and passengers on Wisconsin roadways a duty to exercise reasonable acre in the operation of his car to prevent injuries to others.

35. Notwithstanding this duty, defendant City of Milwaukee, a Municipal Corporation,

7

acting by and through its duly authorized officers, agents, representatives and/or employees, including Officer Kitts, was then and there guilty of one or more of the following acts and/or omissions in that Officer Kitts:

   a. Negligently, carelessly and improperly drove his automobile at a speed which was unreasonable and improper with regard to conditions and the use of the roadway;

   b. Negligently, carelessly, and improperly failed to decrease his speed to avoid a collision with another vehicle;

   c. Negligently, carelessly, and improperly entered an intersection against a red light;

   d. Negligently, carelessly, and improperly failed to decrease his speed when approaching an intersection with a solid red light;

   e. Negligently, carelessly, and improperly failed to terminate the vehicle pursuit in compliance with the balancing test which did not authorize a pursuit;

   f. Negligently, carelessly, and improperly failed to properly utilize his siren disregarding the safety of the general public; and/or

   g. Was otherwise negligent or careless in this operation of his automobile.

36. As a direct and proximate cause of one or more of the aforementioned negligent acts or omissions, Plaintiffs, Darryl Nelson, sustained serious and severe injuries of a permanent nature; was caused to suffer and will continue to suffer lasting disability and disfigurement; was caused to spend and will continue to spend substantial amounts of money for medical care and treatment; and was otherwise affected in his ability to perform the routine activities of daily living; and sustained lost wages.

WHEREFORE, the Plaintiff, Darryl Nelson, demands judgment be entered against Defendant, City of Milwaukee, a Municipal Corporation, and Officer Kitts, individually and as an agent of the City of Milwaukee, for an amount in excess of $75,000.00, plus costs with interest in bringing this action, and for such other relief this Court deems fair and just.

## COUNT IV: WILLFUL AND WANTON CONDUCT
**(Darryl Nelson v. City of Milwaukee, Officer Derek John Kitts, individually and as an agent of the City of Milwaukee)**

37. Plaintiff, Darryl Nelson, incorporates and realleges paragraphs 1 through 24, as though fully plead herein.

38. On said date and all times relevant hereto, defendant City of Milwaukee, a Municipal Corporation, acting by and through its duly authorized officers, agents, representatives and/or employees, including Officer Kitts, had a duty to refrain from willful and wanton conduct in the operation and the authorization and/or guidance of the operation of its official vehicle in the exercise of its official duties as police officers.

39. Notwithstanding the aforesaid duty, the defendant City of Milwaukee, individually or by and through its agents and/or employees, including Officer Kitts, were willful and wanton through a course of action which showed an utter indifference to or conscious disregard for the safety of others in one or more of the following respects:

   a. Initiated, engaged in, and/or authorized a pursuit of a vehicle when the risk of injury or death to the general public exceeded the benefit of apprehending the suspects;

   b. Initiated, engaged in and/or authorized a pursuit of a vehicle along commercial and residential streets by chasing the stolen vehicle through stop lights;

   c. Authorized an improper pursuit when it was not safe to do so in light of the balancing test and the risks posed;

   d. Failed to terminate the vehicle pursuit in compliance with the balancing test which did not authorize a pursuit;

   e. Operated his vehicle in a manner that showed an utter indifference or conscious disregard for the safety of others on the roadway;

   f. Failed to properly utilize his siren in conscious disregard for the safety of the general public; and/or

   g. Failed to abandon the alleged vehicle pursuit when it was the most reasonable

course of action.

40. As a direct and proximate result of the aforesaid willful and wanton acts and/or omissions, Plaintiff, Darryl Nelson, sustained serious and severe injuries of a permanent nature; was caused to suffer and will continue to suffer lasting disability and disfigurement; was caused to spend and will continue to spend substantial amounts of money for medical care and treatment; and was otherwise affected in his ability to perform the routine activities of daily living; and sustained lost wages.

WHEREFORE, the Plaintiff, Darryl Nelson, demands judgment be entered against Defendant, City of Milwaukee, a Municipal Corporation, and Officer Kitts, individually and as an agent of the City of Milwaukee, for an amount in excess of $75,000.00, plus costs with interest in bringing this action, and for such other relief this Court deems fair and just.

Respectfully Submitted,

ROMANUCCI & BLANDIN, LLC

*/s/ Michael E. Holden*
Attorney for Plaintiffs

Michael E. Holden
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
(312) 458-1000
(312) 458-1004 *facsimile*
mholden@rblaw.net

10
Case 2:22-cv-00388-BHL   Filed 03/29/22   Page 10 of 10   Document 1